IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–31–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BAILEY KATHLEEN LIND, | |
| Defendant. | |

Before the Court is Defendant Bailey Kathleen Lind's Unopposed Motion for Early Termination of Supervision. (Doc. 56.) The United States does not oppose. (*Id.* at 1.) United States Probation Officer Nickalas Buciuman does not object. (*Id.* at 2–3.) For the reasons below, the Court grants the Motion.

### BACKGROUND

On May 23, 2023, Defendant was sentenced for bank fraud, in violation of 18 U.S.C. § 1344(2) (Count 1) and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). (Doc. 44.) The Court sentenced Defendant to 1 months of imprisonment as to Count 1, and 18 months of imprisonment as to Count 3, to run consecutively, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving her term of supervision on May 3, 2024. (Doc. 57 at 2.)

1

### DISCUSSION

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 22 months of supervision; therefore, she is eligible for early release. Defendant argues that her supervised release should be terminated for several reasons. She was originally hired as a medical assistant at Billings Clinic and has been promoted twice. (Doc. 57 at 3.) She now serves as an IVF coordinator. (*Id.*) Defendant lives with her husband, grandparents, and two children. (*Id.*) She is heavily involved in her church where she attends

weekly bible studies and participates in a faith-based treatment program. (*Id.*)

Defendant has not violated her supervision and has paid off her restitution. (*Id.*)

The Court is impressed with the positive changes Defendant has made and is confident Defendant can be a productive member of society without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 56) is GRANTED. Bailey Kathleen Lind's term of supervised release is TERMINATED as of the date of this Order.

DATED this 12th day of March, 2026.

Dana L. Christensen, District Judge
United States District Court